# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>  vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, et al.,<br><br>                      Defendants. | CASE NO. 06cr0065 DMS<br><br>**ORDER ON DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHHELD BY GOVERNMENT AS WORK PRODUCT** |

      On January 11, 2006, a federal grand jury returned an indictment in this case, charging San Diego Gas and Electric, Inc., ("SDG&E"), Kyle Rhuebottom, Jacquelyn Mc Hugh, and David Joseph Williamson (collectively "Defendants") with Conspiracy, in violation of Title 18, United States Code, Section 371, three counts of Violations of the Asbestos Work Practice Standards, in violation of Title 42, United States Code, Sections 7412 and 7413(c)(1), and one count of False Statements, in violation of Title 18, United States Code, Section 1001.

      The indictment stems from SDG&E's removal of asbestos pipe coating material from underground pipes. Defendant SDG&E owned a sixteen acre parcel of land at 1350 San Altos Place in Lemon Grove, an area known as the Encanto Property. The Encanto Gas Holder Facility, a former natural gas storage and delivery facility comprised primarily of a compressor station and 9.23 miles

of underground piping, was located on the Property. In June 1999, SDG&E entered into a tentative agreement to sell the Property to a developer. The sale required SDG&E to demolish the Encanto Facility, including removing the underground gas pipelines. The 9.23 miles of gas pipe was wrapped in coal tar insulation that contained some layers of asbestos.

In order for asbestos to be federally regulated, it must contain over 1% asbestos and be considered "friable," which means it can be crumbled by hand pressure (creating dust), or likely to be rendered friable. If the asbestos is federally regulated, the asbestos work practice standards set out in the Clean Air Act must be observed. The United States alleges that SDG&E knew, through its consultants, that the asbestos contained in the gas pipes was friable and federally regulated, but nonetheless failed to observe the work practice standards set forth in the Clean Air Act.

Defendant Kyle Rheubottom was the project superintendent for the general contractor employed by SDG&E to demolish the Enconto facility. Defendants Jacquelyn Mc Hugh and David Joseph Williamson are SDG&E employees who were assigned to oversee the demolition project.

Both the County, through the San Diego County Air Pollution Control District ("APCD") and the San Diego County Department of Environmental Health ("DEH"), and the United States investigated Defendants' conduct. On August 30, 2005, the County filed a civil lawsuit on behalf of APCD and DEH alleging asbestos work practice violations. The County, however, dismissed the lawsuit seven months later, after the United States returned the indictment in this case.

In connection with this litigation, on May 30, 2006, Defendants served subpoenas on the APCD and DEH for all documents relating to the Encanto site. On June 5, 2006 and June 12, 2006, the United States and the County moved to quash the subpoenas. During the hearing on June 16, 2006, the Court ordered the County to produce (i) inspector timesheets for the period of 2000-2002; and (ii) the promotional aspects of Inspector Penny Weir's personnel file. The County did not oppose the Order, as it had already produced almost every document relating to the investigation during the discovery phase of the civil case. The Court also ordered the County to submit a declaration stating that all documents within the County's possession, custody or control were either produced to Defendants in the civil case or identified on the County's privilege log.

///

On August 11, 2006, Defendants moved for a bill of particulars, to compel further compliance with Rule 17(c) subpoenas issued to the APCD and DEH, and to compel production of documents withheld by the United States and County Agencies as work product. At the hearing on August 25, 2006, the Court granted-in-part and denied-in-part the motion for a bill of particulars and denied the motion to compel further compliance with Rule 17(c) subpoenas issued to the APCD and DEH. The Court reserved ruling on Defendants' motion to compel production of work product documents, and ordered the United States and the County to submit all documents withheld under claim of privilege for *in camera* review.

On September 6, 2006, the Court issued an Order [Document No. 124], concluding that the documents withheld by the United States and the County did not constitute work product. On September 15, 2006, the United States and the County, on behalf of the DEH and APCD, submitted the documents for *in camera* review. This Order addresses whether the documents are subject to production under either Rule 16(a)(1) or Rule 17(c).

# I.

# LEGAL STANDARDS

### A.     Rule 16(a)(1)

The Constitution does not require general discovery in a criminal case. *United States v. Ruiz*, 536 U.S. 622, 629 (2002). Criminal defendants are limited to that which is expressly made discoverable under Rule 16 of the Federal Rules of Civil Procedure. *United States v. Hicks*, 103 F.3d 837, 840 (9th Cir. 1996). Rule 16(a)(1) provides that the following categories of information are discoverable:

> (A) <u>Oral statements</u>: "the substance of any relevant oral statement made by the defendant, before or after arrest, in response to interrogation by a person the defendant knew was a Government agent if the Government intends to use the statement at trial." Fed. R. Crim. P. 16(a)(1)(A).
>
> (B) <u>Written or recorded statements:</u> "any written or recorded statement by the defendant," including the defendant's grand jury testimony and "any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent." Fed. R. Crim. P. 16(a)(1)(B).
>
> (C) <u>Statements of corporate employees</u>: statements made by any of the corporate defendant's employees who was involved in the offense or whose statement could legally bind the company that would be discoverable under Rule 16(a)(1)(A) or (B) if

the defendant were an individual. Fed. R. Crim. P. 16(a)(1)(C).

(D) <u>Defendant's prior criminal records.</u>  Fed. R. Crim. P. 16(a)(1)(D).

(E) <u>Documents and objects:</u> "books, papers, documents, data, photographs, tangible objects, buildings or places" if the item (i) is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to the defendant. Fed. R. Crim. P. 16(a)(1)(E).

(F) <u>Reports of examinations and tests:</u> "results or reports of any physical or mental examination and of any scientific test or experiment" if the item is intended for use in the Government's case-in-chief or is material to the preparation of the defense. Fed. R. Crim. P. 16(a)(1)(F).

(G) <u>Expert witnesses:</u> "a written summary of any testimony the Government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Fed. R. Crim. P. 16(a)(1)(G).

To obtain discovery under Rule 16(a)(1)(E)(i), a defendant must make a *prima facie* showing of materiality. *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice; a defendant must present facts which would tend to show that the Government is in possession of information helpful to the defense." *Id; see also United States v. Olano*, 62 F.3d 1180, 1203 (1995). The Ninth Circuit has held that Rule 16(a)(1)(E)(i) permits discovery that is "relevant to the development of a possible defense." *Id.*

**B.     Rule 17(c)**

Rule 17 of the Federal Rules of Civil Procedure "governs the issuance of subpoenas duces tecum in federal criminal proceedings." *United States v. Nixon*, 418 U.S. 683, 697-98 (1974). Rule 17(c) provides in pertinent part:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

In order to be upheld, a subpoena issued under Rule 17(c) requires a showing by the proponent that the information requested is: (1) relevant; (2) admissible at trial; and (3) specific. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). The party seeking the subpoena, therefore, must: (i) describe the materials sought; (ii) demonstrate their relevance to the charges in the indictment; (iii) demonstrate their admissibility in evidence at trial; and (iv) demonstrate that they are not otherwise

reasonably procurable. *Nixon*, 418 U.S. at 699-700. Rule 17(c) is not intended to provide an additional means of discovery. *Bowman Dairy v. United States*, 341 U.S. 214, 220 (1951). Congress did not intend "by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest term." *Id.*

## II.

## DISCUSSION

At issue are 63 documents withheld by the United States and 170 documents withheld by the County agencies on claim of work product privilege. Although the documents are not work product, Defendants are entitled to the documents only if they are subject to production under either Federal Rules of Criminal Procedure 16(a)(1) or 17(c).

**A.     Documents Withheld by the United States**

The United States argues that the withheld documents do not fall under any of the categories specified in Rule 16(a)(1). After reviewing the documents submitted, this Court agrees.

The documents submitted *in camera* include: internal email and letter correspondence (a) requesting that evidence be shared and (b) offering to share evidence (although the evidence itself is not attached to the correspondence); and (c) correspondence relating to such administrative matters as workflow coordination, notices of new asbestos case law, and news articles relating to the investigation. These documents are not discoverable because they do not fall within any of the categories identified in Rule 16(a)(1).

In addition, there are several documents that reference oral statements made by Defendants to representatives of the APCD. These documents are not discoverable pursuant to Rule 16(a)(1)(A), (B) or (C) because the statements were not made to "government agents," and Defendants already have been provided the full text of the underlying statements in any event. Similarly, email correspondence that references statements contained in various letters from SDG&E to the APCD are not discoverable because the underlying letters have been disclosed to Defendants in full.

Furthermore, documents that disclose names of prospective Government witnesses and their statements are not discoverable because witness statements are not discoverable under rule 16(a)(2). Production of these statements is governed by the Jencks Act, 18 U.S.C. § 3500, and is required only

after the witness testifies on direct examination. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986).

The documents at issue also include internal agency correspondence that references results of scientific tests performed on the asbestos material in question. These documents are not discoverable under Rule 16(a)(1)(F) because the test results themselves have been provided in full to Defendants. Accordingly, this Court concludes that none of the documents withheld by the United States is discoverable pursuant to Rule 16(a)(1).

### B.     Documents Withheld by the County Agencies

To obtain documents pursuant to a subpoena under Rule 17(c), Defendants must clear three hurdles: admissibility, relevancy and specificity. *Nixon*, 418 U.S. 683. Defendants address these requirements in their *Ex Parte* Application pursuant to Fed. R. of Crim. P. 17(c) and 17.1(b). Defendants, however, do not discuss specifically whether the documents are admissible or relevant in the present motion.

This Court concludes that the vast majority of the documents are not discoverable under the subpoenas for the following reasons. First, the majority of the documents are documents that Defendants already have in their possession. They include: notices of violations to all Defendants; Defendants' letter responses to the County agencies, including attachments of test results of the asbestos material; and communications between County Counsel and counsel for Mr. Rheubottom regarding a draft agreement. All such documents were either generated by Defendants or sent to Defendants.

Second, other documents are not subject to disclosure under Rule 17(c) for the same reasons they are not subject to disclosure under Rule 16(a)(1). These documents include email correspondence referencing test results and various statements made by Defendants to County inspectors. Such documents are not discoverable because the reports and the statements themselves have been disclosed in full to Defendants. In addition, the statements were not made to government agents.

Third, other documents are not discoverable because they are not relevant. Although the standard for relevancy under Federal Rule of Evidence 401 is broad, email correspondence relating

merely to administrative matters, without any substantive information regarding the investigation is not relevant, and is therefore not discoverable.

Fourth, documents that include summaries of prospective witness statements, such as the interview statement of Mr. Ricardo Luna, a resident near the Encanto Property, are not admissible. Production of these statements is governed by the Jencks Act, 18 U.S.C. § 3500, and is required only after the witness testifies on direct examination. *United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986).

There are, however, several documents that are discoverable pursuant to the subpoenas at issue. These documents include several APCD inspector's narratives. The narratives are clearly relevant because they include observations and factual findings by the APCD relating to Defendants' removal of the asbestos in question. There are likely valid potential evidentiary uses for these documents, given that the indictment was based in part on information gathered by the investigation of the APCD. These documents are also likely to be admissible at trial. The APCD is a public agency, and its reports may therefore be admissible under the public records hearsay exception set out in Rule 803(8)(C). As pointed out in Defendants' *Ex Parte* application, Rule 803(8)(C) provides that "records, reports, statements, or data compilations," are admissible "against the Government in criminal cases," if they contain "factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness." Fed. R. Evid. 803(8)(C). Here, the inspector's narratives contain factual findings relating to the investigation at Encanto, and the investigation was no doubt made pursuant to authority granted by law. At this juncture, the Court has no reason to question the trustworthiness of the narrative statements as their content suggests they were properly prepared by an official based on his or her personal knowledge. Accordingly, the Court finds that the inspector's narratives are discoverable pursuant to the subpoenas.

The County is, therefore, instructed to produce the following documents to Defendants within 10 days of this Order being stamped "filed":

1.     San Diego Air Pollution Control District Inspector's Narrative, dated February 14, 2001. (Bates Number APCD 001171-72.)

1       2.     San Diego Air Pollution Control District Inspector's Narrative, dated December 7, 2000. (Bates Number APCD 001173.)

3       3.     San Diego Air Pollution Control District Inspector's Narrative, dated March 30, 2001. (Bates Number APCD 001843-46.)

5       4.     San Diego Air Pollution Control District Enforcement Division – Supplemental Asbestos Removal Information. (Bates Number APCD 002061-66.)

**IT IS SO ORDERED.**

DATED: October 23, 2006

                                            HON. DANA M. SABRAW
                                            United States District Judge

CC:     ALL PARTIES