# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>SAN DIEGO GAS & ELECTRIC COMPANY, et al.,<br>　　　　　　　　　　　　Defendants. | CASE NO. 06cr0065 DMS<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT 4 OF THE INDICTMENT** |

　　　Defendants San Diego Gas & Electric Company ("SDG&E") and David Joseph Williamson ("Williamson") move to Dismiss Count 4 of the Indictment. The Government has filed a response, and Defendants have filed a reply. The matter was heard on October 27, 2006. Having reviewed and considered all papers and arguments submitted by the parties, the Court GRANTS Defendants' motion.

　　　The factual background of this case is set forth in detail in the Court's concurrent Order Granting Defendants' Motion to Dismiss Counts 1, 2, 3, and 5 of the Indictment for Failure to State an Offense Involving Jurisdictional Amount of "Regulated" Asbestos-Containing Material. Therefore, only the most relevant facts are provided here.

　　　Count 4 of the Government's indictment alleges that Williamson, an employee of SDG&E, "knowingly made a materially false, fictitious and fraudulent statement, to wit: that Willy Williamson

was a certified asbestos consultant . . . in violation of 18 U.S.C. sections 1001 and 2." (Indictment at 7.) Williamson was assigned to oversee the Encanto demolition. The Government alleges that Williamson represented to Jim Cooksey of the San Diego County Air Pollution Control District ("APCD") that he was a certified asbestos consultant ("CAC"). The Government contends that Williamson made the statement in an effort to persuade the county agency that the asbestos containing pipe wrap did not constitute regulated asbestos.

## I.

## DISCUSSION

18 U.S.C. section 1001 provides, in relevant part: "Whoever . . . knowingly and willfully falsifies, conceals or covers up . . . a material fact, or makes any false, fictitious or fraudulent statements or representations . . . shall be fined not more than $10,000 or imprisoned not more than five years, or both." Defendants urge this Court to dismiss Count 4 on two grounds: lack of jurisdiction and lack of materiality. Specifically, Defendants argue the alleged false statement is (1) "not directly related to an authorized function of the EPA under the Clean Air Act," and (2) "not material because it was not capable of significantly affecting the actions of the EPA . . ." (Memorandum of Points and Authorities In Support of Motion to Dismiss Count 4 of the Indictment at 5, 9.) It is well established that there "can be no valid conviction under section 1001 unless both jurisdiction and materiality are shown." *United States v. Facchini*, 874 F.2d 638, 641 (9th Cir. 1989). Because Defendants' argument regarding jurisdiction is dispositive, the Court addresses only that argument.

To satisfy the jurisdictional requirement, "the false statement must concern the 'authorized functions of an agency or department' rather than 'matters peripheral to the business of that body.'" *Facchini*, 874 F.2d at 641. "Even though there may be jurisdiction under section 1001 when the false statement is not made directly to a federal agent . . . and when the federal agency is not affected financially by the false statement, courts have refused to find jurisdiction unless a *direct relationship* obtains between the false statement and an authorized function of a federal agency or department." *Id.* (emphasis added).

The Government contends "there is a direct relationship between the false statement and an

authorized function" of the EPA.  The Government argues that even though the EPA delegated its authority to enforce the NESHAP regulations to the APCD, the EPA retains concurrent enforcement ability.  (Government's Response and Opposition to Defendants' Motions ("Response") at 29.) Specifically, the Government points out:

> In 1989, the EPA delegated its authority to enforce the NESHAP regulations relating to asbestos to the San Diego County Air Pollution Control District (APCD).  However, the delegation specifically reserved concurrent enforcement ability for the EPA.  The EPA also provided federal funding to the APCD to support the delegation, and monitored its enforcement efforts paid for with federal funds. . . . Thus, there is a direct relationship between the false statement and the authorized function of the EPA (to determine the applicability of the NESHAP regulations) it was intended to effect, and the EPA has the power to exercise authority in that situation.

(Response at 29-30.)

As an initial matter, it is notable that the statement at issue was not made directly to the EPA; instead, Mr. Williamson made the statement to Mr. Cooksey, an APCD inspector.  In addition, the EPA was not affected financially by the false statement; the Government does not contend otherwise. Therefore, to obtain jurisdiction, the Government must prove that "a direct relationship" exists between Mr. Williamson's statement and an authorized function of the EPA.  *See Facchini*, 874 F.2d at 641.

The Government has not made out such a relationship here.  That the EPA retains "concurrent enforcement ability" over NESHAP regulations does not constitute a direct relationship.  As Defendants point out, the EPA does not require that an asbestos removal or demolition project be supervised by a CAC.  No where in the NESHAP regulations does the EPA mention or recognize this title.  The designation CAC is entirely a product of state law: the requirements for obtaining a CAC certificate are prescribed by California law.  *See* 8 CA ADC § 341.15 ("Any individual performing services as an asbestos consultant . . . as referenced and defined in section 1529(b) of Title 8 of the California Code of Regulations must apply for and obtain a certification pursuant to this article.")  The EPA has no control over what a CAC does, or the qualifications for obtaining such a designation.

Therefore, this Court concludes there is no direct connection between Mr. Williamson's alleged statement that he is a CAC and the EPA's concurrent enforcement ability under the NESHAP. The false statement concerns, at best, "'matters peripheral to the business of'" the EPA.  *Facchini*, 874

1 | F.2d at 641.  Accordingly, the Government has not made out a claim for violation of Section 1001.

## II.

## CONCLUSION

Based on the foregoing, this Court dismisses with prejudice Count 4 of the Indictment.  All dates as to Defendants SDG&E and Williamson are vacated as all counts have been dismissed against these Defendants.

**IT IS SO ORDERED.**

DATED:  November 21, 2006

_____
HON. DANA M. SABRAW
United States District Judge

CC:  ALL PARTIES