# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br>   vs.<br><br>SAN DIEGO GAS & ELECTRIC<br>COMPANY, et al.,<br><br>                                    Defendants. | CASE NO. 07cr0484 DMS<br>                06cr0065 DMS<br><br>**ORDER REQUESTING**<br>**SUPPLEMENTAL BRIEFING** |

The parties have fully briefed and argued motions for new trial and acquittal. After careful consideration of all issues presented in the briefs and at oral argument, the Court requests supplemental briefing, not to exceed 10 (ten) pages *per side*,[1] addressing the following:

1. Identify each of the admitted samples of pipe wrap by the exhibit number assigned to the report in which its composition was determined.

2. For each sample, identify the name of the individual or individuals who collected the sample. If unknown, please so specify. Cite all pages in the record containing the relevant testimony about the *collection* of that sample.

3. For each sample, indicate whether the sample is "representative." Regardless of whether the layers are identifiable, intact, connected to the pipe or not, a party should represent that a sample is

---

[1] Oral argument revealed a unitary defense on this issue. Thus, the Court requests that each *side*, rather than each *party* submit *one* brief.

1  "representative" only if the sample contained *all* layers of the pipe wrap *in the same proportion* as
2  originally present on the pipe.

3  4.     For each sample, provide citations to the record that support the party's position that the sample
4  is either representative or non-representative. If the record does not indicate whether a sample is
5  representative, please so note.

6  5.     For each sample, identify the name of the laboratory where the sample was tested and the
7  witness(es) who testified about the testing of the sample.

8  6.     For each sample, identify whether the analyst tested the entire collected sample or only portions
9  of the collected sample. In this section, please refrain from arguments regarding whether the sample
10 is or is not representative. Regardless of whether the party believes the sample is representative or not,
11 this section should be confined to whether the entirety of the submitted sample was tested, or whether
12 the analyst tested only part of the submitted sample. Parties shall limit their discussion to those
13 samples admitted into evidence and provide citations to the record supporting their positions.

14 7.     For each sample, indicate the test method used (for example, single layer, multi-layer
15 averaging, homogenization, point counting, etc.), and whether the party contends the method used[2]
16 complied with the relevant regulation and the Court's RACM I and II orders. Parties shall provide
17 citations to the record and regulations and may briefly argue their respective positions.[3] The Court is
18 concerned here primarily with identifying which samples were tested using which methods, and with
19 narrowing the precise areas of disagreement between the parties on the specific application of law.

20 8.     For each sample, identify what percentage asbestos was found in the sample.

21        Due to the specific nature of the information sought, the parties' brief may take the form of a
22 chart as follows:

---

[2] At oral argument, Defense counsel indicated that there are two discrete steps to correctly analyzing a sample: collection of a representative sample, and correct testing methodology. The parties' position on whether the sample collected was representative can be answered in section three, but for purposes of this section, the parties are to assume the sample was properly collected and focus only on the testing method.

[3] For example: "The sample was analyzed by homogenizing the material collected. That test as applied to this sample is compliant/non-compliant with EPA regulations (citation to regulation) because the analyst could/could not identify layers (cite to record)."

| Trial Ex. No. | Who collected samples? Citations. | Was the sample representative? Citations. | Who analyzed? Citations. | Did analyst test entire sample? Citations. | Test method used, and propriety of method? Citations. | % asbestos. |
|---|---|---|---|---|---|---|
| | | | | | | |

The parties shall file their briefs no later than October 4, 2007.

**IT IS SO ORDERED.**

DATED: September 26, 2007

HON. DANA M. SABRAW
United States District Judge